IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHANIE CURTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL NO. 06-4024-GPM |
| | ) |
| JOHNSON & JOHNSON, ORTHO-MCNEIL PHARMACEUTICAL, INC., and JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT, L.L.C., | ) ) ) ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

The Court, on its own motion, has reviewed the complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

Plaintiff asserts various state law claims related to her use of the prescription drug Ortho

Evra transdermal contraceptive patch. She alleges that jurisdiction is proper under 28 U.S.C. § 1332. However, she has failed to properly allege the citizenship of the limited liability company, Johnson & Johnson Pharmaceutical Research and Development, L.L.C. *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (limited liability companies are citizens of every state of which any member is a citizen). Additionally, Plaintiff's allegation that she "resides" in the Southern District of Illinois is insufficient to establish her citizenship. *America's Best Inns*, 980 F.2d at 1074 ("[i]n federal law citizenship means domicile, not residence").

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is unable to determine whether Plaintiff can establish the diversity of citizenship requirement by more appropriate allegations.[1] *See Tylka*, 211 F.3d at 447 (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an amended complaint **on or before April 13, 2006**, to cure the deficiencies set forth above. If Plaintiff fails to file an amended complaint in the manner and time

---

[1]The Court finds Plaintiff's allegations sufficient to establish the amount in controversy requirement, even under the stringent review required by *Smith v. American General Life and Accident Insurance Co.*, 337 F.3d 888 (7th Cir. 2003). In that regard, the Court is mindful that a plaintiff's damages cannot be aggregated among multiple defendants to satisfy the amount in controversy requirement. *See generally* 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3704 (3$^{d}$ ed. 1998). Therefore, the Court has considered Plaintiff's potential damages against each Defendant.

prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering*, 350 F.3d at 692 ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED:  03/14/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
